# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| **DOROTHY DAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| **RESURGENT CAPITAL SERVICES, LP,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

**COMES NOW** defendant Resurgent Capital Services, LP ("Defendant"), by and through its undersigned counsel, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and all defenses under the federal laws of bankruptcy, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., hereby gives notice of removal of this action from the Magistrate Court of Richmond County, Georgia, to the United States District Court for the Southern District of Georgia, Augusta Division. In support thereof, Defendant respectfully shows unto the Court as follows:

52081376 v1

## I. INTRODUCTION

1. Plaintiff Dorothy Davis ("Plaintiff") commenced this action by filing a Statement of Claim ("Complaint") in the Magistrate Court of Richmond County, Georgia, Case No. 2023M03567 on or about October 20, 2023. (*See* Complaint.)

2. Plaintiff asserts facts that appear to allege a federal claim against Defendant under the Fair Credit Reporting Act ("FCRA"). [*See generally* Complaint.]

3. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

4. Accordingly, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court has original jurisdiction over this case under 28 U.S.C. § 1331.

## II. FEDERAL QUESTION JURISDICTION

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal

question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff appears to be asserting a claim against Defendant based upon an alleged violation of the FCRA, which is a federal consumer protection statute. [*See* Complaint; *see also* 15 U.S.C. § 1681 *et seq.*]

7. Accordingly, Plaintiff's FCRA claim arises under the laws of the United States and could have been originally filed in this Court.

### III. ADOPTION AND RESERVATION OF DEFENSES

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Georgia law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise. Defendant also reserves the right to demand arbitration pursuant to any contractual agreements with the Plaintiff and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

## IV. PROCEDURAL REQUIREMENTS

9. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

10. True, correct, and certified copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendant to date in this case.

11. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

12. Defendant has not previously sought similar relief.

13. The United States District Court for the Southern District of Georgia, Augusta Division, is the court and division embracing the place where this action is pending in state court.

14. Defendant reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

15. Contemporaneously with the filing of this Notice of Removal, Defendant has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Magistrate Court of Richmond County, Georgia.

Written notice of the filing of this Notice of Removal has also been served upon the Plaintiff.

**WHEREFORE**, Defendant prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Magistrate Court of Richmond County, Georgia, to the United States District Court for the Southern District of Georgia, Augusta Division.

Respectfully submitted this the 22nd day of November, 2023.

/s/ R. Frank Springfield
R. Frank Springfield
Georgia Bar No. 316045
fspringf@burr.com
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5345

Attorney for Defendant
RESURGENT CAPITAL SERVICES, LP

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 22nd day of November, 2023:

Dorothy Davis
3358 Thames Place
Hephzibah, GA  30815-7176


/s/ R. Frank Springfield
OF COUNSEL