IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |  |
|---|---|---|
| DOROTHY DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-171 |
| | ) | |
| RESURGENT CAPITAL SERVICES, LP, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Defendant moves to stay discovery pending resolution of its motion for a more definite statement. For the reasons set forth below, the Court **GRANTS** Defendant's request. (Doc. no. 6.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the defense motion, the Court finds Defendant's motion has the potential to be dispositive some important aspect of the case because, as Defendant

explains in its motion to stay, additional factual information about Plaintiff's Fair Credit Reporting Act (FCRA) claim(s) is needed to effectively engage in discovery. (Doc. no. 6, p. 2.) Indeed, an examination of the complaint shows it is "devoid of any specific dates or facts explaining how Defendant is responsible for the alleged" FCRA violation forming the basis of this case. (Doc. no. 5-1, p. 4; see also doc. no. 1-1, p. 2.) Moreover, Plaintiff did not respond to the motion for a more definite statement to dispute the alleged inadequacy of her factual allegations or otherwise provide additional details about the basis for her claim(s).

When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion for a more definite statement. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** all discovery in this action pending resolution of Defendant's motion for a more definite statement. If the case is to continue after resolution of that motion, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling. In the event the presiding District Judge, in his ruling on the pending Rule 12 motion, provides further instructions to the parties that

justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

SO ORDERED this 8th day of January, 2024, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA